Filing # 119145658 E-Filed 01/06/2021 12:12:40 PM

RECEIVED
2021 JAN 20 PM 1:03
CITY ATTORNEY'S OFFICE

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2021-000156-CA-01

DAVID CUSTIN,

Plaintiff,

v.

CITY OF MIAMI BEACH,

Defendant.

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA;

To All and Singular the Sheriffs of State:

YOU ARE HEREBY COMMANDED to serve this Summons, a copy of the Complaint on the Defendant pursuant to F.S. 48.193 and 48.194:

BY SERVING: Mayor Dan Gelber.
**CITY OF MIAMI BEACH**
**1700 Convention Center Drive**
**Fourth Floor**
**Miami Beach, Fl 33139**

Each Defendant is required to serve written defenses to the Complaint or Petition on the Plaintiff's attorney, to wit: WOLFSON LAW FIRM, LLP, whose address is 3399 S.W. 3rd Avenue, Miami, FL 33145, Telephone number (305) 285-1115, within 20 days after service of this Summons on that Defendant exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on the Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and seal of this Court on ___1/6/2021_____, 20__.

Clerk of said Court

By: _____ 310009

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2021-000156-CA-01

DAVID CUSTIN,

Plaintiff,

v.

CITY OF MIAMI BEACH,

    Defendant.

_____/

## COMPLAINT

Plaintiff, DAVID CUSTIN, sues the CITY OF MIAMI BEACH, and states as follows:

### GENERAL ALLEGATIONS

1. That Plaintiff is a resident of Miami-Dade County and resides here and does business here.

2. That Plaintiff's profession is that of a lobbyist. He is also a political consultant which involves the dissemination of political free speech. He is a registered lobbyist in many forums and represents his client's interests in those forums. And, he represents a variety of candidates and, therefore, a large part of his job includes engaging in political free speech.

3. That Plaintiff's profession includes him exercising his constitutional rights including his First Amendment right to free speech.

4. That, on or about June 28, 2017, CITY OF MIAMI BEACH (hereinafter "city") had a second reading on ordinance 2016-4024 and passed same. That the actions of the City Commission and Mayor at that time were on behalf of Defendant CITY OF MIAMI BEACH and said Defendant is responsible for said actions including any intentions and reasons behind said actions.

5. That said ordinance was directed at Plaintiff by politicians and was passed by the City of Miami Beach's six Commissioners and one Mayor in act that can be described as malicious and had a willful, reckless, or wanton or disregard of the constitutional rights of Plaintiff.

6. That said ordinance is attached hereto as **Exhibit A**. That the subject ordinance, in its entirety, reads as follows:

Sec. 2-491. - Prohibited lobbying by campaign consultants.

(1) Prohibition. No campaign consultant shall lobby the city commission for a period of 12 months following the swearing in of any elected official(s) for whom the campaign consultant provided campaign consulting services within the past election cycle.

(2) Definitions.

(a) "Campaign consultant" means any person or entity that receives or is promised economic consideration in exchange for campaign consulting services to a candidate for elected office in the City of Miami Beach.

1. "Campaign consultant" shall include any individual who has an ownership interest of ten percent or greater in the campaign consultant, and any employee of the campaign consultant, except as otherwise excepted below.

2. "Campaign consultant" shall not include:

(i) Any vendor for a campaign whose primary responsibility is to supply goods or services for a campaign.

(ii) An employee of a campaign consultant whose sole duties are primarily clerical; or

(iii) An employee of a campaign consultant who did not personally provide campaign consulting services.

(b) "Campaign consulting services" means primary responsibility for campaign management or campaign strategy.

(c) "Campaign management" means conducting, coordinating or supervising a campaign to elect a candidate.

(d) "Campaign strategy" means formulation of plans for the election of a candidate.

(e) "Candidate" shall have the meaning ascribed to such term in F.S. § 97.021(5), as amended and supplemented.

(f) "Economic consideration" means any payments, fees, commissions, gifts, or anything else of value received directly or indirectly as consideration for campaign

consulting services. The term "economic consideration" does not include reimbursements for out of pocket expenses.

(g) "Past election cycle" means the subject immediately preceding City of Miami Beach General Election/Special Election held for the purpose of electing a member of the city commission.

(h) "Lobby" for purposes of this code section shall mean the act of seeking to encourage the passage, defeat or modification of any ordinance, resolution, action or decision of any member of the city commission.

(3) Limited exemption. A campaign consultant who has within the past election cycle provided campaign consulting services to an incumbent member of the city commission, and has entered into a lobbying contract prior to the effective date of the ordinance creating this code section (the term of which lobbying contract includes the subject proscribed 12-month period established in subsection (1) above and the scope of which lobbying contract involves lobbying members of the city commission), is exempt from the proscription herein with limited regard to that subject lobbying contract.

(Ord. No. 2017-4110, § 1, 6-28-17)
Secs. 2-492—2-510. - Reserved.

## COUNT I – David Custin v. City of Miami Beach
## 42 U.S.C. § 1983 – Retaliation in Violation of the First Amendment

7. This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201.

8. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

9. That Plaintiff, at all times material hereto, pursuant to the First Amendment, to represent the candidates of his personal preference and, at the same time be allowed to lobby the CITY.

10. CITY, through its actions, has specifically constructed a law to make it illegal for Custin and the public at large to petition the Government for a redress of grievances simply by virtue of taking actions, speech, and commerce to prevail in an election.

11. This case is instituted in the Circuit Court for the Eleventh Judicial Circuit as the jurisdiction is State Jurisdiction where

12. At all times relevant hereto, Plaintiff David Custin was a resident of the State of Florida and a citizen of the United States of America.

13. At all times relevant hereto, Defendant City was a municipality operating within Florida under the Florida Constitution provision regarding Home Rule Charter and is the legally responsible entity for the actions of its City Commission.

14. City is a proper entity to be sued under 42 U.S.C. § 1983 for its deliberately indifferent unconstitutional decisions, policies, legislation, and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries.

15. The Defendant City is also properly sued under 42 U.S.C. § 1983 for its challenged final decisions and legislation.

16. That 171. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

17. Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

18. At the time of the complained of events, Plaintiff the clearly established constitutional right to be free from retaliation for the exercise of protected speech.

19. Plaintiff exercised his constitutionally protected right to engage in political speech when he lobbied against the aforesaid ordinance.

20. Plaintiff, at all times material hereto, was desirous of managing political campaigns for candidates of his choosing which was and is consistent with his First Amendment right to Free Speech.

21. Defendant engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Custin's federally protected constitutional rights.

22. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

23. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

24. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered injuries, and other damages and losses as described herein entitling him to compensatory damages, in amounts to be determined at trial.

25. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

26. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against City under 42 U.S.C. § 1983, in that the actions of each of this Defendant have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

WHERFORE, Plaintiff asks for Judgment against Defendant, costs, attorney's fees, compensatory damages, trial by jury, and the relief requested above.

WOLFSON LAW FIRM, LLP
Attorneys for Plaintiff
3399 S.W. 3rd Avenue
Miami, FL 33145
Telephone (305) 285-1115
Facsimile (305) 285-1608
eservice@wolfsonlawfirm.com

By: /s/ Jonah M. Wolfson
_____
JONAH M. WOLFSON, ESQ.

FLA. BAR NO. 498130