UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20694-BLOOM/Otazo-Reyes

DAVID CUSTIN,

    Plaintiff,

v.

CITY OF MIAMI BEACH,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant City of Miami Beach's ("Defendant") Motion to Dismiss Plaintiff's Complaint, ECF No. [20] ("Motion"), filed on April 28, 2021. The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. The Court also held a hearing and considered further argument of counsel. For the reasons set forth below, the Motion is granted.

**I. BACKGROUND**

On January 5, 2021, Plaintiff initiated this action against Defendant challenging the constitutionality of Ordinance No. 2017-4110 ("Ordinance"). *See* ECF No. [1]. The Ordinance, titled "Prohibiting lobbying by campaign consultants[,]" provides, in pertinent part: "No campaign consultant shall lobby the City Commission for a period of 12 months following the swearing in or any elected official(s) for whom the campaign consultant provided campaign consulting services within the past election cycle." ECF No. [20-1] at § 2-491(A). The Ordinance defines "campaign consultant" as "any person or entity that receives or is promised economic consideration in exchange for campaign consulting services to a candidate for elected office in the

City of Miami Beach." *Id.* at § 2-491(B)(a). Additionally, "campaign consulting services" is defined as having "primary responsibility for campaign management or campaign strategy." *Id.* at § 2-491(B)(b).

According to the Amended Complaint, ECF No. [13], Plaintiff is a lobbyist and campaign consultant, "and, therefore, a large part of his job includes engaging in political free speech." *Id.* ¶ 2. Plaintiff explains that he is "currently acting as a campaign consultant for a candidate in the upcoming November election" and the Ordinance "has put a halt on his ability to work as a lobbyist." *Id.* ¶ 26. Specifically, "business prospects are now hesitant to hire Plaintiff as a lobbyist" because they "are aware that if the candidate in which Plaintiff is consulting for wins the election, Plaintiff will be barred from lobbying for a year due to the Ordinance." *Id.* ¶ 27. Plaintiff contends that the Ordinance has prevented him "from working both as a lobbyist and as a campaign consultant, thus disallowing Plaintiff to practice one or both of these protected speeches." *Id.* ¶ 29. Based upon the foregoing allegations, Plaintiff asserts a single claim for relief against Defendant for violation of his First Amendment right to freedom of speech.

Defendant now moves to dismiss the Amended Complaint on the following bases: (1) the allegations fail to meet the pleading requirements of Federal Rule of Civil Procedure 8(a)(2); (2) Plaintiff lacks Article III standing; (3) the Ordinance, on its face, does not violate the First Amendment; and (4) the Ordinance survives both intermediate and strict scrutiny. *See generally* ECF No. [20]. On May 5, 2021, Plaintiff filed a Response to the Motion, ECF No. [21] ("Response"), to which Defendant filed a Reply, ECF No. [24] ("Reply"). Thereafter, on July 8, 2021, the Court heard oral argument on the Motion. ECF No. [27].

The Motion is now ripe for consideration.

## II. LEGAL STANDARD

### a. Rule 12(b)(1)

One element of the case-or-controversy requirement under Article III of the United States Constitution is that plaintiffs "must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). It is a threshold question of "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Sims v. Fla. Dep't of Highway Safety & Motor Vehicles*, 862 F.2d 1449, 1458 (11th Cir. 1989) (*en banc*). "'The law of Article III standing . . . serves to prevent the judicial process from being used to usurp the powers of the political branches,' and confines the federal courts to a properly judicial role." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013); *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Further, "standing requirements 'are not mere pleading requirements but rather [are] an indispensable part of the plaintiff's case.'" *Church v. City of Huntsville*, 30 F.3d 1332, 1336 (11th Cir. 1994) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). "Indeed, standing is a threshold question that must be explored at the outset of any case." *Corbett v. Transp. Sec. Admin.*, 930 F.3d 1225, 1232 (11th Cir. 2019) (citing *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005)), *cert. denied*, 140 S. Ct. 900 (2020). "In its absence, 'a court is not free to opine in an advisory capacity about the merits of a plaintiff's claim.'" *Id.* (quoting *Bochese*, 405 F.3d at 974). "In fact, standing is 'perhaps the most important jurisdictional' requirement, and without it, [federal courts] have no power to judge the merits." *Id.* (footnote omitted) (quoting *Bochese*, 405 F.3d at 974).

> [A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," and that the injury "fairly can be traced to the challenged action" and "is likely to be redressed by a favorable decision."

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*, 454 U.S. 464, 472 (1982) (quoting *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 99 (1979)). In other words, to establish standing, a plaintiff must allege that: (1) it "suffered an injury in fact that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) "the injury is fairly traceable to conduct of the defendant;" and (3) "it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." *Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003).

"The party invoking federal jurisdiction bears the burden of proving standing." *Fla. Pub. Int. Rsch. Grp. Citizen Lobby, Inc. v. E.P.A.*, 386 F.3d 1070, 1083 (11th Cir. 2004) (quoting *Bischoff v. Osceola Cnty.*, 222 F.3d 874, 878 (11th Cir. 2000)). "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir.1991). "If at any point in the litigation the plaintiff ceases to meet all three requirements for constitutional standing, the case no longer presents a live case or controversy, and the federal court must dismiss the case for lack of subject matter jurisdiction." *Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011) (citing *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1277 (11th Cir. 2006) ("*CAMP*"))). "In assessing the propriety of a motion for dismissal under Fed. R. Civ. P. 12(b)(1), a district court is not limited to an inquiry into undisputed facts; it may hear conflicting evidence and decide for itself the factual issues that determine jurisdiction." *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). "When a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and 'may proceed as it never could under

Rule 12(b)(6) or Fed. R. Civ. P. 56.'" *Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 880 (11th Cir. 2008) (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003)).

b. **Rule 12(b)(6)**

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

A court considering a Rule 12(b)(6) motion is generally limited to the facts contained in the complaint and the attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002))). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

### III.  DISCUSSION

As noted, Defendant argues that the Amended Complaint is subject to dismissal because: (1) the allegations fail to meet the pleading requirements of Federal Rule of Civil Procedure 8(a)(2); (2) Plaintiff lacks Article III standing; (3) the Ordinance, on its face, does not violate the First Amendment; and (4) the Ordinance survives both intermediate and strict scrutiny. *See generally* ECF No. [20]. Because Article III standing presents a threshold question of subject matter jurisdiction, the Court addresses it first.

#### a.  Standing

Defendant argues that Plaintiff has not suffered an injury in fact, therefore, depriving Plaintiff of standing to sue. Specifically, Defendant maintains that Plaintiff has failed to plausibly allege that the Ordinance applies to him, or that he has been adversely affected by the Ordinance. ECF No. [20] at 4-7. In his Response, Plaintiff contends that he has been adversely affected by the Ordinance because: (1) he "is currently acting as a campaign consultant for a candidate in the upcoming November election[;]" and (2) "business prospects are now hesitant to hire Plaintiff as

a lobbyist" because he will be barred from lobbying the City Commission for a period of twelve months should they win the election. ECF No. [21] at 3-4; *see also* ECF No. [13] ¶¶ 25-28.

In *CAMP*, 451 F.3d at 1272-74, the United States Court of Appeals for the Eleventh Circuit addressed whether plaintiffs have standing to challenge portions of an ordinance that does not apply to them. The Eleventh Circuit ultimately rejected the notion that plaintiffs who suffered an injury under one provision of an ordinance have standing to challenge the ordinance in its entirety. *Id.* at 1270, 1273. Stated differently, the Eleventh Circuit made clear that plaintiffs "may challenge only provisions of [an Ordinance] that affect [their] activities[.]" *Id.* at 1273; *see also Sheba Ethiopian Rest., Inc. v. DeKalb Ctny., Georgia*, 820 F. App'x 889, 895 (11th Cir. 2020) (holding because plaintiff "failed to allege any facts showing that the ordinance affected its activities[,]" plaintiff lacked standing to challenge its provisions); *Granite State Outdoor Advert., Inc. v. City of Clearwater, Fla.*, 351 F.3d 1112, 1116 (11th Cir. 2003) ("An 'injury in fact' requires the plaintiff to 'show that he *personally* has suffered some actual or threatened injury.'" (emphasis in original) (quoting *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982))).

Plaintiff lacks standing to challenge the constitutionality of the Ordinance. As Defendant correctly argues, to be subject to the Ordinance's twelve-month ban on lobbying the City Commission, Plaintiff would have to serve as a compensated campaign consultant to a City Commissioner who won his or her election within the immediately preceding election cycle. ECF No. [20] at 5; *see also* ECF No. [20-1]. However, that has not yet happened, nor is it certain to occur in the future. Indeed, while Plaintiff alleges that he is a lobbyist, he has failed to allege that he rendered campaign consulting services to a successful City Commissioner since the Ordinance's passage in 2017. *See* ECF No. [13] ¶¶ 2, 27 ("Business prospects are aware that if the

candidate in which Plaintiff is consulting for wins the election, Plaintiff *will be barred* from lobbying for a year due to the Ordinance." (emphasis added)). Additionally, although Plaintiff represents that he is "currently acting as a campaign consultant for a candidate in the upcoming November election[,]" ECF No. [13] ¶ 26, that candidate must actually win the election for Plaintiff to fall within the ambit of the Ordinance. *See Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 925 (11th Cir. 2020) ("A plaintiff needs to plead (and later support) an injury that is concrete, particularized, and actual or imminent, rather than conjectural or hypothetical." (citing *Spokeo*, 136 S. Ct. at 1548; *Lujan*, 504 U.S. at 560)).

Plaintiff's general desire to lobby the City Commission sometime in the future on behalf of a winning City Commissioner who retained Plaintiff to render campaign consulting services is too attenuated and insufficient to confer standing. *See Lujan*, 504 U.S. at 564 (holding that "'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." (emphasis in original)). Presently, the Ordinance does not impose any ban on Plaintiff's current lobbying activities,[1] and there are simply no facts grounding the assertion that Plaintiff has been or will be harmed by the application or enforcement of the Ordinance.

---

[1] Interestingly, despite Plaintiff's contention that the Ordinance has "adversely affected [his] ability to currently work as a lobbyist," ECF No. [13] ¶ 28, Plaintiff has not registered to lobby in the City of Miami Beach since 2018. *See* City of Miami Beach, *History of Lobbyists Registration Forms*, Lobbyist Registration Forms Filed in 2018-2021, www.miamibeachfl.gov/city-hall/city-clerk/lobbyist-information; *see also Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x. 376, 377 (11th Cir. 2010) ("[A] district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion." (citations omitted)). Thus, Plaintiff's purported injury to his ability to lobby is undermined by his failure to register as a lobbyist as required under City of Miami Beach Code of Ordinances § 2-482. *See* Code of Ordinances § 2-482(a) ("All lobbyists shall, before engaging in any lobbying activities, register with the city clerk."); *see also Muransky*, 979 F.3d at 931 ("Where a 'hypothetical future harm' is not 'certainly impending,' plaintiffs 'cannot manufacture standing merely by inflicting harm on themselves.'" (quoting *Clapper*, 568 U.S. at 416, 422)).

Case No. 21-cv-20694-BLOOM/Otazo-Reyes

Based on the foregoing, the Court finds that the Amended Complaint fails to allege an injury sufficient to give Plaintiff standing, and the Court therefore lacks subject matter jurisdiction to entertain Plaintiff's First Amendment claim.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [20]**, is **GRANTED**.

2. To the extent not otherwise disposed of, all pending motions are denied as **MOOT** and all deadlines are **TERMINATED**.

3. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 6, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record